Melvin H. Osterman, J.
This is a claim for the appropriation of 1.781 ± acres of claimants’ land which fronted on the north side of Tarrytown-White Plains Road in the Town of Green-burgh, Westchester County. Before the appropriation, claimants owned 5.6± acres of land from which the aforesaid 1.781± acres of frontage were taken, leaving a landlocked area of 3.819± acres remaining. Both the claimants and the State agree that in effect, this taking was a total taking as the landlocked area has been rendered practically useless.
The crux of the problem in this case is the proper method of appraising the property with respect to the consideration of the zoning restriction in effect at the time of taking. When the State acquired title to this property on October 9, 1958, claimants’ property was zoned “ R 20 ”, which is a residential zoning on a 20,000 square-foot plot. However, the record shows that immediately abutting claimants’ property on the west was property zoned “ OB ” (office building use); that opposite claimants’ property on the southerly side of Tarrytown-White Plains Road were properties zoned “ OB ”; that seven surrounding lots in the Town of Greenburgh were zoned “ OB that property abutting the claimants on the east and located in the Town of Elmsford was granted a variance for the erection of a motel; that application was made by the claimants to the Town Board of the Town of Greenburgh on July 9, 1958, for a change in zoning from “ R 20 ” to “ OB ”; that the Planning Board of the Town of Greenburgh recommended that the property be changed to “ OB ”, but that no further action was taken because of the State’s appropriation. In addition, it appears that TarrytownWhite Plains Road was a main artery of travel in the county at the time of the taking and lent itself and was in fact used by many commercial firms as sites for its office buildings and/or advertising outlets.
The court holds that, as of the date of this taking, there existed a strong probability that the zoning of claimants’ property would have been changed in the immediate future to “ OB ”. Consequently, in valuing claimants’ property, we must consider this probability of zoning change. We are not restricted to adopt values based on the zoning that in fact existed as of the date of taking (Masten v. State of New York, 11 A D 2d 370, affd. 9 N Y 2d 796; Valley Stream Lawns v. State of New York, 9 A D 2d 149; Matter of Village of Garden City, 9 Misc 2d 693, affd. 4 A D 2d 783; Cook v. Pieper, 34 Misc 2d 532).
The State’s appraisal, which is based solely upon a residential use of this property, is, in the court’s opinion, unrealistic in determining the correct measure of damages. However, this *996 does not mean that the proper measure of damages should be the fair market value of comparable “ OB ” parcels as of the date of taking as alleged by claimants. The claimants’ comparable sales are of existing “ OB ” parcels. Indeed, one of their sales was conditioned upon a zoning change to “ OB ”. However, the claimants make no attempt to adjust these alleged comparable sales in order to arrive at the fair market value of the parcel in question.
The correct measure of damage is to give to the residential value a premium based on the fact that a purchaser would pay more having the likelihood of a' zoning change in mind. As stated in Masten v. State of New York (11 A D 2d 370, 372, supra), when quoting State v. Gorga, 26 N. J. 113: “ The important caveat is that the true issue is not the value of the property for the use which would be permitted if the amendment were adopted. * * * No matter how probable an amendment may seem, an element of uncertainty remains and has its impact upon the selling price. At most a buyer would pay a premium for that probability in addition to what the property is worth under the restrictions of the existing ordinance ’ ’.
The court in determining the value of this property has taken a realistic approach to the comparable sales submitted by both litigants, has weighed the topographical problems connected with this property, has kept in mind its dimensions of frontage and depth in relation to other building sites, has considered the commercial trend in the vicinity of claimants ’ property and has applied the correct ‘ ‘ premium for probability ’ ’ rule as regards the zoning change.
Based upon all of the foregoing and the court’s viewing of this parcel, it is the court’s opinion that the fair and reasonable market value of the subject property before the taking was $50,000 and that the fair and reasonable market value of the property after the taking was $100 and that the amount of damage sustained by the claimants is $49,900, for which the claimants shall have an award with interest thereon from the 9th day of October, 1958, to the 9th day of April, 1959, and from the 11th day of January, 1960, to the date of the entry of judgment herein.